VECCHIO v. THE STATE OF OHIO.

*Criminal law—Statement to jury—Conviction of one jointly indicted—Error cured by charge, when—Evidence—Confession by one jointly indicted—Charge to jury—Counsel fails to prevent omission—Duress to secure confession.*

1. Upon the trial of one charged with a crime it is error for the prosecuting attorney, in his opening statement, to state that another who had been jointly indicted with defendant had already been tried and found guilty of the same offense, but such error is cured by the court's instruction to the jury eliminating from their minds as far as possible the effect of the statement.

2. It is not error in a criminal prosecution to admit in evidence an alleged confession signed by a co-indictee of defendant, where the evidence shows that the statement was read to the defendant, that he admitted that it was true in almost every particular, and that he voluntarily discussed it with detectives who testified to examining him, it being a link in the conversation between defendant and such detectives.

3. The court, at the close of its charge to the jury, having asked counsel for defendant whether there was any omission in the charge in behalf of the defense, and counsel having replied that there was not, such counsel cannot later complain of an alleged error on the part of the court in failing to charge the jury as to the effect of duress used upon the defendant to procure a confession.

(Decided October 27, 1921.)

ERROR: Court of Appeals for Cuyahoga county.

*Messrs. Nuccio & Stevens,* for plaintiff in error.
No appearance of counsel for defendant in error.

BY THE COURT. This case comes into this court on error to the court of common pleas of Cuyahoga county.

The plaintiff in error, James Vecchio, was convicted in that court of the crime of robbery, and sentenced, after the overruling of a motion for new trial, to imprisonment in the Ohio State Reformatory at Mansfield, Ohio.

The first ground of alleged error is:

"1. Misconduct of the prosecuting attorney in the course of her opening statement to which misconduct the defendant, now plaintiff in error, duly objected and excepted."

Among other things the assistant prosecuting attorney stated to the jury:

"Now the State will prove that on the 26th day of June, last year, during the annual police parade, four men, four armed men, held up the jewelry store of Mr. Schnee, which is located on Euclid and 79th Street; that they looted the place and took something like six thousand dollars worth of jewelry. The State will show that Lavett has already been tried on this charge and found guilty."

Thereupon the following colloquy took place between opposing counsel and the court:

"Mr. Stevens: Now, if the Court please, I object.

"The Court: Yes, that is objectionable.

"Mr. Stevens: I ask that that be withdrawn from the jury.

"The Court: The jury will disregard that.

"Mr. Stevens: If the Court please, I insist that it is so prejudicial in this matter that I move that this jury be discharged.

"Miss Jaffa: If the Court please, the statement that I have just made will be evidence that the State will prove.

"THE COURT: It hasn't anything to do with this case. What happened to the other man we are not concerned with, we are only concerned with this one defendant on trial. Whether he was found guilty or not guilty doesn't concern this jury in any way, and shouldn't concern them in any way, because we are not trying the other fellow.

"MISS JAFFA: It seems to me that in an opening statement counsel—

"THE COURT: Oh, it is highly improper. It is highly improper, because it conveys the impression to the jury that because the other fellow that has been jointly indicted with him was found guilty that this one is.

"MISS JAFFA: Well, the State has no intention of making the jury believe that—

"THE COURT: Well, I am not claiming that you had any such intention. (Addressing jurors.) Now, gentlemen, do you feel that you could set aside and completely ignore that statement as to what has happened to the joint defendant in this case and try this defendant solely upon the evidence given in open court in this case? Do each of you say that you can do that? If you feel that you couldn't, say so now, because we want this man to have an absolutely fair trial. Do each of you feel that you can fairly and truly try this case simply upon the evidence given to you in open court in this case and the Court's instructions as to the law? Do each of you say you can?"

To this query of the court each juror thereupon replied in the affirmative. Thereupon the court overruled the motion of counsel for defendant that the jury be discharged; to which ruling of the court counsel for defendant then and there duly excepted.

This court is of the opinion that the contention of counsel for plaintiff in error is well founded. Unquestionably the statement to the jury that Lavett had already been tried on the same charge and found guilty was misconduct, because it had a tendency to inflame the minds of the jury against the defendant on a matter wholly irrelevant to the issue of guilt or innocence on the part of the defendant, Vecchio.

The introduction of any evidence to support that statement would have been clearly incompetent, and the court would have had no hesitation in excluding it from the consideration of the jury. At the time the objection to such statement was made there were just two courses which the court could have taken. First, eliminate from the minds of the jury, as far as possible, by decisive instructions, the effect of the statement, so that it would not be prejudicial to the defendant; or, second, discharge the jury after they had been impanelled and sworn to try the issues, and impanel another jury.

The court chose, in its discretion, the former, and it will be seen from the language of the court to the jury, as quoted above, that the court did all in its power to banish from the minds of the jury the prejudicial effect of the statement, and it is presumed that in the consideration of the case the jury followed the court's instructions and relieved the trial and consideration of the case of the serious consequences of the statement objected to by counsel for the plaintiff in error. It is the opinion of this court that as to this ground of error the court below, in its instructions, cured the case of the error injected by the assistant prosecuting attorney, and, therefore, we hold that under the circumstances aforesaid the language complained of was not prejudicial error.

The second ground of error is in effect and substance the same as the first ground of error, in that it relates to the refusal of the court to discharge the jury for the causes above appearing.

The third ground of error is as follows:

"The trial court erred in admitting the alleged confession of the defendant when the testimony showed clearly that said alleged confession had been obtained by duress and violence, to which ruling of the court the plaintiff in error then and there duly objected and excepted."

After an examination of the evidence in the case this court has come to the conclusion that the question of duress and violence was an issue of fact to be properly submitted to the consideration of the jury, as upon this question the testimony was at variance, and it was the jury's province to weigh such evidence and to determine the same according to their best judgment.

The fourth ground of error is as follows:

"The trial court erred in admitting as evidence, the alleged confession of Sam Lavett, co-indictee of plaintiff in error, to which admission plaintiff in error then and there duly objected and excepted."

From a reading of the record it appears that a written statement signed by Sam Lavett, a co-indictee, was read and submitted to the defendant and was made the subject-matter of a lengthy conversation between certain detectives and the defendant below. The subject-matter of this statement was the alleged robbery, and it went into the particulars as to said robbery, such as the persons present, the place of the robbery, and other details thereof, all of which connected the defendant below with said robbery. There was evidence tending to show that the defendant himself talked about this

statement, and there was evidence from his own language tending to show that he knew the contents of the same, for on page 40 of the record, in answer to the question, "Just relate the entire conversation," the answer was "And asked him what he had to say about it, with reference to its truth. He said that it was true in almost every particular　*　*　*."

There was an objection to this answer, but the court, without striking it from the record, instructed the witness to give the substance of what was said, and thereupon the defendant below, as the evidence tends to show, proceeded to converse upon the subject-matter of the statement.

Again, on pages 43 and 44, appears the following:

"The Court: Now if you can, Officer, tell the exact words which he used. If you can't do that, why, then, of course, give the substance of what he said after you had read this statement to him.

"The Witness: In substance, he said that the statement was true, other than that he did not carry a revolver into the store. Just the language he used I can't recall."

It conclusively appears that there was evidence tending to show that the statement in question was read to the defendant below, and that he voluntarily discussed the same with the detectives, and his answer shows that he was aware of the contents of the statement of Lavett.

By reason of the foregoing, it is the opinion of this court that the statement in question was an inseparable link in the conversation between the defendant below and the detectives who testified to examining him upon the subject-matter of the statement, and as such the statement was the basis of the conversation detailed, if not part and parcel of the conversation itself.

The fifth ground of error alleged is as follows:

"The court erred in failing to charge the jury as to the effect of duress and violence used upon the plaintiff in error to procure a confession from him."

At the close of the court's charge, on page 180 of the record, the following appears:

"Is there anything I have omitted on behalf of the State or the defense?

"MR. STEVENS: I think not.

"THE COURT: You may retire, gentlemen, and the Bailiff will conduct you to your jury room."

It is the opinion of this court that counsel for defendant below would have been justified in requesting the court to instruct the jury as to the law of duress, but, on the contrary, the defendant's counsel was interrogated by the court as to whether there was any omission in the charge in behalf of the defense, and the answer as above quoted, on the part of defendant's counsel, warranted the court in believing that said counsel was satisfied with the charge of the court as given.

In *Rolling Mill Co. v. Corrigan*, 46 Ohio St., 283, on page 294, as bearing upon the question of counsel omitting to request the court to charge specifically upon certain phases of the case, the court says:

"It is first insisted, that the court, having informed the jury in what event the plaintiff was entitled to recover, they should also have been instructed under what circumstances the defendant would be entitled to the verdict. But since the attention of the court does not appear to have been called to this oversight, if it be one, and no request was made by counsel for such instruction, if the charge given is otherwise unobjectionable, the mere omission to give the further instruction referred to, is not sufficient ground for reversing the judgment.

"This proposition of the charge is sustained by the authorities already cited, and is clearly within the doctrine of *Coombs* v. *New Bedford Cordage Company*, 102 Mass., 572."

Again, in the case of *Rayland Coal Co.* v. *McFadden, Admr.*, 90 Ohio St., 183, the supreme court, in discussing this point, uses the following language at page 194:

"It is urged that as defendant did not request the court to instruct the jury on the question of contributory negligence it cannot be heard to object now. Counsel undoubtedly owe a duty to the trial court, and may by their conduct, or expressly, waive objection to the omission of the court to charge on a question involved in the case. Whether there has been such waiver must manifestly depend on the circumstances of each case."

From the foregoing, this court holds that the errors complained of by plaintiff in error are not well founded, and that there was no prejudicial error as charged, and the judgment of the lower court is hereby affirmed.

*Judgment affirmed.*

VICKERY, P. J., INGERSOLL and SULLIVAN, JJ., concur.