**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Michael Duane WELCH, Defendant and Appellant.**

Cr. No. 870133.

Supreme Court of North Dakota.

June 28, 1988.

---

C. Charles Chinquist (argued), Fargo, for defendant and appellant.

James Forster Twomey (argued), Asst. State's Atty., Fargo, for plaintiff and appellee.

LEVINE, Justice.

Michael Duane Welch appeals from a judgment of conviction of conspiracy to possess and accomplice to possession of a controlled substance. The primary issue is whether the prosecutor's disclosure in his opening statement of an accomplice's conviction is prejudicial error requiring a new trial, in light of the failure to request a cautionary instruction. We hold it is not and affirm.

On Saturday, June 29, 1985, the drug enforcement unit of the North Dakota Attorney General's office was alerted that a manila envelope, delivered to the Northwest Orient Airlines Freight Service in Portland, Oregon, for shipment to Fargo, North Dakota, contained one ounce of cocaine with a street value of $13,000.00, and a greyhound racing club folder dated Friday, June 28, 1985. The package was addressed to "Marty Langan, P.O. Box 629, St. John, North Dakota 58369." Special Agent Ahlquist of the drug enforcement unit agreed to conduct surveillance at the Northwest Orient Airlines terminal in Fargo after arrival of the package at 3:00 p.m., Saturday, June 29.

June Langan, Welch's girlfriend who lived with him in St. John, North Dakota, made three attempts to pick up the package, twice accompanied by an "unidentified male." During the course of her third attempt, she was informed that only the addressee could receive the package. Finally, Martin Langan came to collect the package and was arrested outside the terminal in June Langan's car, accompanied by June.

In a separate proceeding, Martin Langan was tried and convicted of possession of a controlled substance. Before his sentencing, he agreed to provide information and testimony relating to the cocaine shipment. June Langan was also tried and convicted of being an accomplice to possession of a controlled substance.[1]

Following the trials of Martin Langan and June Langan, defendant Welch was tried on charges arising from the same facts. The jury convicted Welch of conspiracy to possess cocaine and accomplice to possession of cocaine. Welch appealed.

Welch argues that the trial court clearly abused its discretion and worked manifest injustice in denying his motion for mistrial. During his opening statement, the prosecutor disclosed that June Langan, Welch's "live-in girlfriend," had been convicted of being an accomplice to possession of a controlled substance:

"It became clear to Martin Langan that the package could not be picked up, that there were some problems with that. And around 5:00 o'clock, then he had to go and pick up the package. Now, based on that testimony, you'll find from the evidence that the live-in girlfriend of the Defendant, June Langan, was charged with the offense of accomplice to possession of a controlled substance in late January of last year. In October of last year, she was convicted in this courtroom of that offense, before a different District Judge. Her case is on appeal to our Supreme Court."

Welch promptly objected. The court sustained the objection. The prosecutor continued:

"Suffice it to say, ladies and gentlemen, that I will not call June Langan to testify here at this trial.

"Based on—following that conviction then, the Defendant in this case, Michael Welch, is charged with the two offenses that he now appears before you on."

---

1. June Langan's conviction was reversed on appeal for failure to instruct the jury on the lesser included offense of criminal facilitation. *State v. Langan,* 410 N.W.2d 149 (N.D.1987).

Following opening statements, and out of the presence of the jury, Welch moved for a mistrial. The prosecutor defended on the ground that he planned to introduce June Langan's conviction to show that he could not call her as a witness because he expected her to claim the privilege against self-incrimination. The trial court noted that it was unfair to disclose June Langan's conviction in the opening statement, because her failure to testify was not material to the State's case. The court expressed concern at the tainted posture of the trial at this early stage, but denied the motion for mistrial, saying, "Let's see what happens."

■ It is well established that the conviction or guilty plea of a co-defendant may not be used as substantive evidence of another's guilt. *State v. Padgett*, 410 N.W. 2d 143, 146 (N.D.1987). This principle applies where two or more people are charged with separate offenses growing out of the same circumstances. *Id.* at 146 n. 1. The prohibition is based on the defendant's right to have his guilt or innocence determined by the evidence presented against him, and not by what has happened in a criminal prosecution against some other person. *State v. Felton*, 131 N.J.Super. 344, 330 A.2d 23 (1974). Nor may a co-defendant's conviction be used to explain his failure to appear as a witness. *State v. Peters*, 82 R.I. 292, 107 A.2d 428, 48 A.L.R. 2d 999 (1954); *State v. Gordon*, 321 A.2d 352 (Me.1974) (although mentioning co-defendant's conviction was improper, defendant was not denied a fair trial because defense counsel did not move for a new trial, evidence of guilt was strong, and the remark was momentary and not a critical feature of the prosecution's case).

■ By definition, an accomplice acts in complicity with a person or persons engaging in criminal conduct. *See* NDCC § 12.1–03–01. Informing the jury of an accomplice's conviction tends to implicate those with whom the accomplice is closely associated. *See United States v. Gullo*,

502 F.2d 759 (3 Cir.1974). June Langan was described as Welch's "live-in girl-friend." The prosecution's theory was that Welch and June Langan were co-conspirators. At the very least, the opening statement suggested guilt by association. Therefore, we agree with defendant that the prosecutor's statement concerning June Langan's conviction was clearly improper.

■ The defendant argues that the trial court should have granted a mistrial because the error was prejudicial.[2] Error is prejudicial if it causes substantial injury so that a different decision would have resulted absent the error. *State v. Schimmel*, 409 N.W.2d 335 (N.D.1987); *see also* Rule 52(a), NDRCrimP. However, in order to properly preserve the question of prejudice for appellate review, counsel must ask the trial court to give the jury a cautionary instruction. *Andrews v. O'Hearn*, 387 N.W.2d 716 (N.D.1986); *Klein v. Harper*, 186 N.W.2d 426, 435 (N.D.1971). The failure to request an instruction waives the objection to the allegedly prejudicial statement. *See, e.g., State v. Padgett*, 410 N.W. 2d at 146; *State v. Janda*, 397 N.W.2d 59, 70 (N.D.1966); *State v. Knudson*, 21 N.D. 562, 567, 132 N.W. 149 (1911). Generally, a jury is presumed to follow the instructions provided by the court. *State v. Janda*, *supra.*

Depending on the circumstances, an instruction to the jury to disregard evidence of a co-defendant's confession, guilty plea, or conviction is sufficient to remove any improper prejudice from the statement. *See, e.g., State v. Martin*, 121 N.H. 1032, 437 A.2d 308 (1981); *State v. Hunt*, 352 S.W.2d 57 (Mo.App.1961); *People v. Watson*, 307 Mich. 596, 12 N.W.2d 476 (1943). *Cf. State v. Ellis*, 161 W.Va. 40, 239 S.E.2d 670 (1977) (prejudice from disclosure of co-defendant's guilty plea held incurable due to great emphasis on the plea, confusion as to what crime co-defendant pleaded guilty to, and the deliberate nature of the prosecutor's revelations); *State v. Fenton*, 499

---

**2.** In *State v. Marmon*, 154 N.W.2d 55 (N.D. 1967), we held that a deliberate attempt to misstate the facts in opening statement which was serious enough to evidence prosecutorial bad faith would constitute reversible error. Welch does not argue that the reference to June Langan's conviction evidenced prosecutorial bad faith.

S.W.2d 813, 816 (Mo.App.1973) (prejudice from disclosure of co-defendant's guilty plea held incurable where trial court compounded prejudicial effect by overruling valid objections).

In this case, the prosecutor mentioned June Langan's conviction briefly and only during opening statement. The trial court sustained defense counsel's timely objection. Because the improper statement received very brief attention by the State in the context of the entire opening statement, and because our juries are presumed to follow jury instructions, we believe an instruction to disregard the statement would have removed any improper prejudice. We conclude therefore that counsel's failure to request a curative instruction waived the argument of prejudice.[3]

■ We do not deem the failure to give a curative charge in this case to constitute obvious error under Rule 52, NDRCrimP. *See State v. Padgett,* 410 N.W.2d at 146;[4] *State v. Janda,* 397 N.W.2d at 70. Underscoring our analysis is the proposition that we use the obvious error doctrine sparingly to correct only particularly egregious errors. *Ibid.*

There are several mitigating circumstances which influence our conclusion that the trial court did not commit obvious error by failing to charge the jury sua sponte. June Langan's conviction was not the basis of any argument and, beyond being stated briefly during the opening, received no emphasis during the trial. Additionally, the trial court instructed the jury both on the meaning of a sustained objection,[5] and the nonevidentiary quality of opening statement, and that counsel's remarks must not be considered evidence.[6]

Further, the evidence against Welch, although circumstantial, was substantial. The cocaine-filled package was sent from Portland, Oregon, with a nonexistent return address. There were telephone calls to and from Portland attributed to Welch's home telephone on the weekend the package was sent. There is testimony that June Langan, Martin Langan, and Welch were together at an acquaintance's trailer in Fargo the morning Martin and June picked up the package at the Fargo airport. Agent Ahlquist testified June stated to him that she and Welch had sent $1,500, a considerable sum, to obtain the racing folder which by the time it arrived in the package had expired and was therefore worthless. Although Martin Langan changed his original testimony, he directly identified Welch as the coordinator and intended recipient of the cocaine shipment.

In light of these circumstances, we hold that the trial court did not commit obvious error in failing to give a curative instruction not requested.

■ Welch next contends that the trial court erroneously admitted the testimony of Special Agent Ahlquist about statements made to him by June Langan. June Langan accompanied Martin Langan to the police station after the arrest, and responded to Agent Ahlquist's questions. In sub-

---

3. Defendant argues that a defendant's right to a fair trial should not turn on the skill of his counsel. This argument of "visiting the sins of the lawyer upon his client" was dealt with in *Taylor v. Illinois,* — U.S. —, 108 S.Ct. 646, 656, 98 L.Ed.2d 798 (1988) (*reh. denied*). The court stated that a lawyer's full authority to manage the conduct of a trial is necessary to the effective functioning of the adversary process. The lawyer speaks for the client, and except for the exceptional case of ineffective counsel, the client must accept the consequences. We see no evidence of ineffective counsel and accordingly the defendant is bound by the consequences of his counsel's conduct of the trial.

4. In *State v. Padgett,* 410 N.W.2d 143 (N.D. 1987), during direct examination, the prosecutor revealed a co-defendant's conviction based upon the same event for which defendant was being tried. The prosecutor also referred to the conviction in his closing argument. This court held there was no obvious error where defense counsel did not object or request a limiting instruction, and where the conviction was admitted for the permissible purpose of impeaching the credibility of the co-defendant as a witness.

5. "RULINGS OF THE JUDGE....

"If the court states that an objection is 'sustained,' this means that the questions may not be answered or the exhibit may not be received in evidence."

6. "STATEMENTS OF COUNSEL. The opening statement and closing arguments of counsel are intended to help you in understanding the evidence, applying the law, and in determining the facts, but they are not evidence."

stance, June Langan told Ahlquist she expected the manila package to contain racing forms worth $1,500, and that she knew nothing about any cocaine. Welch argues the testimony is inadmissible hearsay.

Rule 801(c), NDREv, defines hearsay as "a statement, other than one made by the declarant while testifying at the trial. or hearing, offered in evidence to prove the truth of the matter asserted." *State v. Jensen,* 418 N.W.2d 776, 778 (N.D.1988). If an out-of-court statement is not offered to prove its truth, it is not hearsay. *Ibid;* *State v. Schimetz,* 328 N.W.2d 808, 814 (N.D.1982). A statement offered to prove it was made is not hearsay. *Matter of Estate of Raketti,* 340 N.W.2d 894 (N.D. 1983); *Anderson v. United States,* 417 U.S. 211, 220, 94 S.Ct. 2253, 2260, 41 L.Ed. 2d 20 (1974); *United States v. Weaver,* 565 F.2d 129, 136 (8 Cir.1977).

June Langan's out-of-court statements were offered not to prove the truth of what she said, but to prove she made the statements so that the State could later prove, by other admissible evidence, that she fabricated the statements as an explanation for her involvement and Welch's involvement in the cocaine shipment, in the event of police apprehension. We conclude the statements were not hearsay and the trial court did not err in admitting the testimony about them.

Defendant's last argument is that the trial court abused its discretion by refusing to grant defendant's motion for new trial. A trial court may grant a new trial to the defendant if required in the interest of justice. NDRCrimP 33(a); *State v. Dilger,* 338 N.W.2d 87 (N.D.1983). A motion for new trial is committed to the sound discretion of the trial court and its judgment is conclusive absent an abuse of discretion. *Ibid.*

Defendant based his motion for new trial on (1) the prosecutor's improper opening statement and the trial court's failure to caution the jury; (2) the admission of hearsay evidence of June Langan's out-of-court statements; and (3) the prosecutor's statement during rebuttal argument that defense counsel could have asked questions of witnesses to clear up any area of doubt.

While the trial court chose to wait and see if the evidence overcame the injection of prejudice, we believe the better choice would have been to grant the mistrial. Erring on the side of caution and on the side of the defendant should be the watchword in a case such as this where the State jeopardizes the integrity of the proceedings at their very outset by injecting irrelevant and potentially prejudicial matters. However, our finding of no obvious error is synonymous with a determination that the defendant was afforded a fair trial. Because defendant received a fair trial, the interest of justice did not require a new trial. We conclude, therefore, that the trial court did not abuse its discretion in denying a new trial on the first ground.

We have already concluded that the allegedly hearsay testimony was not hearsay. Consequently, the trial court did not abuse its discretion in denying the motion for new trial on the second ground.

In closing argument, defendant suggested that a third person was responsible for the crimes charged. The prosecutor responded by pointing out that defense counsel could have questioned witnesses in order to clear up any doubt about the identity of the person responsible for the crimes. Defendant argues that this statement improperly shifted the burden of proof. Viewing the prosecutor's argument in the context in which it was made, we believe the State was simply arguing that because there was no evidence linking the third party to criminal conduct, the defendant raised no reasonable doubt about his own responsibility for the crimes. We hold that the trial court did not abuse its discretion in denying the motion for a new trial.

We affirm the judgment of conviction and the order denying a new trial.

ERICKSTAD, C.J., and VANDE WALLE and GIERKE, JJ., concur.

MESCHKE, J., concurs in the result.