Defendants-appellants, Robert Nevel and Jeanne Nevel, appeal from a judgment entry of the Franklin County Court of Common Pleas awarding plaintiff-appellee, Kenneth Burdick, Administrator of the Estate of Jennifer Burdick, damages based on a jury verdict in a wrongful death action. Appellants also appeal the trial court's grant of appellee's motion for partial summary judgment on the issue of negligence per se.
Prior to the trial, the trial court sustained appellee's partial summary judgment motion, finding appellants to be negligent per se for their failure to install smoke detectors in each floor of Jennifer Burdick's apartment in violation of the Columbus City Codes. The trial court conducted a jury trial on this matter, and the jury returned a verdict in favor of appellee in the amount of $810,000 and found Jennifer Burdick comparatively negligent for forty percent of the injury and damages. The jury verdict was journalized, and the court entered judgment in favor of appellee in the amount of $486,000. Appellants filed a timely notice of appeal.
Appellants assert three assignments of error:
 1. Whether The Trial Court Erred In Granting Plaintiff's Motion For Partial Summary Judgment On The Issue Of Negligence Per Se.
 2. Whether The Trial Court Erred In Overruling Defendants' Motion For Directed Verdict On The Issue Of Proximate Cause.
 3. Whether The Trial Court Erred In Denying Defendants' Motion For Mistrial.
Since 1967, appellants have owned and operated apartments in Columbus, Ohio. They own fifty apartments, which they rent primarily to college students. Appellant Robert Nevel is the manager and operator of the apartment business. Appellants entered into a rental agreement with Jennifer Burdick and Dawn Shumway on August 30, 1993, for a two-story townhouse with a basement, located at 1712 North Fourth Street in Columbus, Ohio. Shumway was already a tenant of appellants, and Burdick replaced Michael Wertz, whose lease expired on August 31, 1993. Appellant Robert Nevel testified that he did not install any new smoke detectors or inspect the one smoke detector located in the apartment prior to Burdick's occupancy, which began on September 1, 1993.
On the evening of April 8, 1994, Burdick and Shumway had a party at their apartment that lasted into the early morning hours of April 9, 1994. The party ended before 4:00 a.m., and five individuals spent the night at the apartment: Burdick and Larry Franklin in one upstairs bedroom; Shumway and John Gaylak in the other upstairs bedroom; and Emmit Glass in the basement. Some time after 4:00 a.m., Burdick woke Franklin to tell him that she smelled smoke. Franklin stated that they did not hear the smoke alarm sound. When they opened the bedroom door to investigate, they were turned back by the heat and smoke. The room filled with smoke. Franklin went to the window, opened it, pushed out the screen and dropped to the grass below. When he looked up, smoke was pouring out of the bedroom window and the first floor was engulfed in flames. He thought Burdick was behind him when he dropped out of the window; however, her body was found with the bodies of Shumway and Gaylak in the other upstairs bedroom. All three died from smoke inhalation and thermal burns. Glass, who was sleeping in the basement, also escaped the fire through a basement window.
In appellants' first assignment of error, they argue that the trial court erred by granting appellee's motion for partial summary judgment on the issue of negligence per se. Appellants contend that the case law relied upon by appellee and the trial court was overruled by the Ohio Supreme Court and that a violation of the city's legislative adoption of administrative safety codes does not amount to a violation of a legislative enactment that would allow a finding of negligence per se. We disagree.
An appellate court reviews a trial court's grant of a summary judgment motion independently and without deference to the trial court's determination. Wilhelm v. Heritage Mgmt. Co.
(Jan. 26, 1998), Butler App. No. CA97-07-144, unreported, citing Brown v. Scioto Cty. Bd. of Commrs. (1993), 87 Ohio App.3d 704,711. However, an appellate court applies the same standard as the trial court. Midwest Specialties, Inc. v.Firestone Tire Rubber Co. (1988), 42 Ohio App.3d 6, 8. Under Civ.R. 56(C), summary judgment may be granted if:
 * * * (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
Id., citing Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317,327. Thus, we will review the trial court's grant of summary judgment for appellee independently under the factors of Civ.R. 56(C).
Here, the parties agree that there is no dispute regarding any material fact. Appellant Robert Nevel acknowledged in his testimony that there was only one smoke detector in Burdick's apartment and that it was located at the top of the stairs on the second floor between the two bedrooms. Moreover, appellant Robert Nevel indicated that he did not inspect the single smoke detector or install any new smoke detectors in the apartment after Wertz moved out, or any time prior to Burdick's occupancy.
Appellee argues, and the trial court found, that appellants had a duty to install smoke detectors on each floor of Burdick's apartment under the Columbus City Codes and that the violation of this duty by appellants was negligence per se. In addition, appellee argues that appellants had a duty to inspect and install smoke alarms upon a change in occupancy.
The Supreme Court of Ohio has held that a violation of a legislative enactment providing the standard of conduct for the protection of others is negligence per se. Eisenhuth v.Moneyhon (1954), 161 Ohio St. 367, at paragraph two of the syllabus. In Shroades v. Rental Homes (1981), 68 Ohio St.2d 20,26, the Supreme Court of Ohio held that a violation of R.C.5321.04 is negligence per se. Under R.C. 5321.04(A)(1), landlords are charged with the duty to "[c]omply with the requirements of all applicable building, housing, health, and safety codes that materially affect health and safety." The city of Columbus has enacted municipal ordinances governing the use of smoke detectors in residential properties. See Columbus Housing Code Chapter 4529. In Columbus Housing Code 4529.01, the general "Purpose" section, the city council recognized that "smoke detectors save lives" and specifically stated that "smoke detectors are required in all new and existing dwelling units in order to warn occupants of the need to escape." (Emphasis added.) Under Columbus Housing Code 4529.09(C), smoke detectors must be installed on each story of a dwelling unit, including the basement. Upon a change of occupancy, landlords are required to install all smoke detectors required by Chapter 4529 and to inspect existing smoke detectors prior to the new tenant taking occupancy. Columbus Housing Code 4529.13. Additionally, the city of Columbus has adopted the Ohio Fire Code, except for the administration and enforcement provisions, in Columbus Fire Prevention Code 2501.01(A). The Ohio Fire Code also requires the installation of smoke detectors on every story of existing dwelling units. Ohio Adm. Code1301:7-7-05(D)(4).
Appellants argue that the trial court erred by finding them negligent per se because they contend that the Ohio Supreme Court "implicitly" overruled Shroades in Chambers v. St. Mary'sSchool (1998), 82 Ohio St.3d 563. However, a careful examination of Chambers reveals that it does not overrule any prior case law but, instead, the Ohio Supreme Court merely declined to extend negligence per se to violations of administrative rules. Id. at 568. In fact, the Ohio Supreme Court noted in Chambers that "[o]nly those relatively few statutes which this court or the General Assembly has determined, or may determine, should merit application of negligence per se should receive such status." Id. Thus, inChambers, the Ohio Supreme Court actually reaffirmed the holding of Shroades, in that it involves a statute (R.C.5321.04) that the court previously determined a violation of which constitutes negligence per se.
Appellants also argue that, even if Shroades is controlling law, the Columbus City Codes at issue are merely administrative codes, rather than legislative enactments, which would not allow a finding of negligence per se under the holding ofChambers. The Ohio Supreme Court declined to extend the doctrine of negligence per se to administrative rules because they lack the same accountability and opportunity for input by the public as legislative enactments passed through the legislative process. Chambers, at 566-567. Moreover, the Ohio Supreme Court noted that "administrative rules do not dictate public policy, but rather expound upon public policy already established by the General Assembly in the Revised Code." Id.
at 567.
Contrary to appellants' assertion, the Columbus City Code sections at issue are legislative enactments resulting from the same kind of legislative process described by the Ohio Supreme Court in Chambers. Under section 3 of the Columbus City Charter, the city council is vested with the legislative powers of the city. Section 18 of the Columbus City Charter provides that the city council may take action through ordinances adopted by an affirmative vote of four of the seven elected council members. The Columbus City Charter also provides for a legislative process for the passage of ordinances in sections 19 to 25. The ordinances at issue here were passed as part of the normal legislative process and constitute the public policy of the city of Columbus. Moreover, the Ohio Supreme Court, inEisenhuth, recognized that it has previously held that the violation of a duty created by a municipal ordinance was negligence per se. Eisenhuth, at 375, citing Patton, Admx. v.Pennsylvania Rd. Co. (1939), 136 Ohio St. 159, holding that the violation of a municipal ordinance establishing a twenty-five mile per hour speed limit for locomotives is negligence per se.
Because appellants violated the duty to install smoke detectors on each floor of Burdick's apartment and failed to inspect or install smoke detectors before Burdick's occupancy, as required by the Columbus City Codes 4529.01, 4529.09(C), 4529.13, and 2501.01(A) and R.C. 5321.04(A)(1), the trial court did not err by finding that appellants were negligent per se.
Additionally, the trial court did not err by granting appellee's motion for partial summary judgment because there was no genuine issue of material fact, because appellee was entitled to judgment as a matter of law, and because, viewing the evidence most favorable to appellants, reasonable minds can come to but one conclusion that is adverse to appellants. Consequently, appellants' first assignment of error is without merit and is overruled.
In appellants' second assignment of error, they argue that the trial court erred by overruling their motion for a directed verdict on the issue of proximate cause. Under this assignment of error, appellants also argue that they were entitled to a directed verdict on the issue of proximate cause because appellee failed to present any evidence that appellants knew about the smoke detector requirements of the Columbus City Codes. We disagree.
In order to establish a landlord's liability for injuries sustained on rental property under Shroades, appellee must prove that appellants' failure to comply with their duty to install and inspect smoke detectors was the proximate cause of Burdick's death. Shroades, at 25. Additionally, the Shroades
test requires that appellee must prove that appellants received notice of the defective condition, that appellants knew of the defective condition, or that the tenants reasonably attempted to notify appellants of the defect. Id. at 26.
Appellants moved for a directed verdict on the issue of proximate cause at the close of appellee's case and again at the close of all the evidence. The trial court overruled both of appellants' motions for a directed verdict. The trial court found that a reasonable jury could disagree on the issue and, consequently, that appellee had presented sufficient evidence for the issue to go to the jury. Specifically, the trial court relied upon the testimony of Larry Pfeifer, whom the court qualified as an expert on fire investigations, that the fire was a slow-burning fire that would have smoldered for one to three hours, that the purpose of a smoke detector is to provide an early warning, and that a smoke detector on the first floor would have provided an early warning for the occupants.
Under Civ.R. 50(A)(4), a trial court may grant a motion for a directed verdict on an issue if, after construing the evidence most strongly in favor of the non-moving party, it finds that reasonable minds could come to only one conclusion on the issue and that this conclusion is adverse to the non-moving party. An appellate court reviews a trial court's ruling on a motion for a directed verdict under Civ.R. 50(A) as a question of law, even though the court must review and consider the evidence in making its determination. Ruta v.Breckenridge-Remy Co. (1982), 69 Ohio St.2d 66, at paragraph one of the syllabus; O'Day v. Webb (1972), 29 Ohio St.2d 215, at paragraph three of the syllabus. However, neither the trial court nor the appellate court may weigh the evidence or try the credibility of witnesses but, instead, the court must give the non-moving party the benefit of all reasonable inferences from the evidence. Eldridge v. Firestone Tire Rubber Co. (1985),24 Ohio App.3d 94, 96. If there is sufficient evidence that would permit reasonable minds to reach different conclusions on an issue, then the trial court should deny the motion and submit the issue to the jury. O'Day, at paragraph four of the syllabus.
In McCoy v. IDS Realty, Inc. (June 20, 1995), Franklin App. No. 94APE11-1636, unreported (1995 Opinions 2774), this court reviewed a trial court's grant of a directed verdict to the defendant on the issue of proximate cause arising in a negligence case based on a non-functioning smoke detector. InMcCoy, we stated that:
 To withstand a directed verdict motion on the issue of proximate cause, the party with the burden of proof must produce evidence which does more than furnish a basis for a choice among various possibilities, the party must produce evidence to provide a reasonable basis for sustaining his claim. Lord v. Daugherty (1981), 66 Ohio St.2d 441, Westinghouse Electric Corp. v. Dolly Madison Corp. (1975), 42 Ohio St.2d 122, 127. The parties bearing the burden of proof must provide evidence which, when favorably construed, permits a finding that the parties have met their burden without requiring speculation or a leap of logic regarding an essential element of the claim. State Farm Fire Cas. Co. v. Chrysler Corp.
(1988), 37 Ohio St.3d 1.
Id. Thus, McCoy delineates the evidentiary burden that appellee must overcome to withstand appellants' directed verdict motion. Additionally, we note that McCoy is factually distinguishable from this matter because it concerned property damage rather than loss of life and because the plaintiff's shock presented him from reacting to the fire, contrary to his assertion that he would have had more time to save his property. Id.
Upon a review of the evidence construed most favorably towards appellee, we agree with the trial court that the issue of proximate cause should have gone to the jury. Larry Pfeifer, a fire investigator with over twenty years of experience, testified that a fire of this nature would have smoldered for one to three hours, that a smoke detector on the first floor would have sounded an alarm at the earliest stages of the fire, and that a smoke detector on the first floor would have provided the occupants with an early warning of the fire. The reasonable inference that can be drawn from this testimony is that the occupants would have had more time to escape the fire, which would have been at a less advanced stage, if a smoke detector had been located on the first floor. Thus, appellee presented evidence that provided a reasonable basis for sustaining the claim and that would permit reasonable minds to reach different conclusions on the issue. Consequently, the trial court did not err as a matter of law in overruling appellants' motion for a directed verdict on the issue of proximate cause.
Appellants also assert that appellee failed to present any evidence under the notice factor of the Shroades test. Appellants argue that the trial court would not allow them to testify that they were unaware of the defective condition or that they had notice of the defective condition. Based on the lack of any evidence on notice, appellants contend that the trial court should have granted their motion for a directed verdict on the issue of proximate cause. However, underShroades, the issue of notice is separate and distinct from the issue of proximate cause, which was the only issue on which appellants based their motions for a directed verdict according to the transcript.
As noted above, Shroades does require proof that the landlord received notice of the defective condition of the rental premises, that the landlord knew of the defect, or that the tenant had made reasonable, but unsuccessful, attempts to notify the landlord. Shroades, at 26. Appellants assert that they had no knowledge of the requirements of the Columbus City Codes for installing smoke detectors. However, this court finds that appellants are charged with constructive knowledge of the smoke detector requirements of the Columbus City Codes. Revised Code 5321.04(A)(1) requires landlords to comply with "all applicable building, housing, health, and safety codes that materially affect health and safety." In order to fulfill the duty of compliance, a landlord has a duty to know the requirements of these codes. Appellants had been in the rental business for over twenty-five years at the time of the fire. Appellant Robert Nevel's full-time job is operating the rental business, which consists of fifty apartments. The smoke detector ordinances in the Columbus City Codes were enacted in October 1988, five years prior to the fire. Thus, appellants, as full-time landlords, are charged with constructive knowledge of the smoke detector requirements, and, therefore, they had notice of the defect.
Additionally, it is a fundamental legal principal that ignorance of the law is no excuse, and Ohio courts have consistently reiterated this principal. For example, inState ex rel. Bd. of Edn. of N. Canton Exempted Village SchoolDist. v. Holt (1962), 174 Ohio St. 55, 57 (regarding the requirement that all resolutions of the School Employees Retirement Board must be filed with the Secretary of State to be valid), the Supreme Court of Ohio stated that "[t]he general rule is that ignorance of the law is no excuse" and that "[t]o hold that those who know about such rules or regulations are bound and those who do not know are not bound would make for a most unjust administration of law." To hold that landlords are not responsible for knowing the requirements of the Columbus City Codes for smoke detectors would prevent the city from enforcing any ordinances passed for the protection of the health and safety of tenants. Therefore, the trial court did not err by precluding appellants from presenting testimony regarding their lack of knowledge of the smoke detector requirements or of their notice of the defect. Consequently, appellants' second assignment of error is without merit and is overruled.
In appellants' third assignment of error, they argue that the trial court erred by denying their motion for a mistrial. They argue that the court's curative instruction was insufficient to overcome the prejudice of Larry Pfeifer's statement that the occupants would have escaped if a smoke detector had been located on the first floor of the apartment. We disagree.
The decision whether to declare a mistrial is within the sound discretion of the trial court. State v. Garner (1995),74 Ohio St.3d 49, 59, certiorari denied (1996), 517 U.S. 1147;State v. Glover (1988), 35 Ohio St.3d 18, 19. Thus, a trial court's denial of a motion for mistrial will not be reversed absent an abuse of discretion, which requires a finding that the action of the trial court was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. A jury is presumed to follow a trial court's instructions, including curative instructions. Garner, at 59; Vecchio v.State (1921), 15 Ohio App. 153, 156. A trial court needs to declare a mistrial only when required by the ends of justice and when a fair trial is no longer possible. Garner, at 59;State v. Franklin (1991), 62 Ohio St.3d 118, 127, certiorari denied (1992), 504 U.S. 960.
Larry Pfeifer made the statement that the occupants would have escaped in response to appellee's question about a smoke detector providing an early warning. This testimony was in violation of the trial court's previous ruling that he was not allowed to testify regarding whether or not the occupants would have escaped. Appellants' counsel immediately objected and moved to strike. The trial court granted the motion to strike and instructed the jury to disregard the response. The trial court then held a conference in a side room out of the hearing of the jury during which appellants moved for a mistrial and the trial court again instructed the witness that he could not comment on escape. The trial court reserved ruling on appellants' motion, and the trial continued with the remaining testimony of Larry Pfeifer and that of one other witness. The next morning, before calling in the jury, the trial court announced that it was overruling the motion and noted that the statement was stricken, that a corrective instruction was given to the jury, and that the jury had sworn to an oath to follow the court's instructions. At the close of the trial, appellants requested an additional curative instruction to the jury regarding Larry Pfeifer's statement. In the jury instructions, the trial court emphasized to the jury that any statements that were stricken were to be treated as if they had never been heard.
Contrary to appellants' argument, we find that the trial court's curative instruction and emphasis during the jury instructions were sufficient to overcome any prejudice resulting from Larry Pfeifer's statement. As noted above, the jury is presumed to follow the trial court's instructions. The trial court responded to the statement immediately with a curative instruction and reemphasized the point in the jury instructions. Consequently, we find that the trial court did not abuse its discretion by overruling the motion for a mistrial. Appellant's third assignment of error is without merit and is overruled.
For all the above reasons, appellants' assignments of error are overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
LAZARUS, P.J., and DESHLER, J., concur.