STATE

v.

**Jean VALCOURT.**

No. 2000–322–C.A.

Supreme Court of Rhode Island.

March 14, 2002.

Aaron L. Weisman, Providence, for Plaintiff.

Janice M. Weisfeld, Paula Rosin, Providence, for Defendant.

Present: WILLIAMS, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

The case came before the Supreme Court on January 28, 2002, pursuant to an order directing both parties to appear and show cause why the issues raised in this appeal should not be summarily decided. The defendant, Jean Valcourt (defendant), appeals from a Superior Court judgment of conviction of one count of second-degree child sexual molestation, for which he was sentenced to a term of twelve years at the Adult Correctional Institutions, with two years to serve, and the remaining ten years suspended with probation. After reviewing the memoranda submitted by the parties and hearing the arguments of counsel, we are of the opinion that cause has not been shown, and we proceed to decide this appeal at this time.

## Facts and Travel

The defendant in this case was married to the complainant's mother and was her stepfather at the time this abuse occurred. In June 1997, after the parties were separated, while visiting her mother's home, Mary,[1] the complainant, was attacked by her stepfather who, according to Mary, grabbed her arm. Mary was able to get away from her assailant and later, at her sister's urging, Mary contacted the police and reported this recent assault and other instances of child molestation. An investigation ensued that resulted in a three-count indictment charging the defendant with second-degree child molestation upon Mary, occurring between July 17, 1991, and July 16, 1992; count 2, assault with intent to commit child molestation; and count 3, second-degree sexual assault upon Mary that was alleged to have occurred between May 1, 1997 and June 1, 1997.

At trial, Mary testified that defendant was formerly married to her mother and had been her stepfather during the relevant period. Mary stated that while residing with her mother, defendant began touching her breasts and buttocks, and that these encounters began around her twelfth birthday, when she began to develop physically. Mary further testified that during this same period, usually after he had been drinking, defendant would touch his mouth to her breast and fondle her. The jury found defendant guilty of count 1, second-degree child molestation. The charge of assault with intent to commit sexual assault was dismissed and defendant was acquitted of count 3, second-degree sexual assault.[2] Thus, the only offense relevant to this appeal is that of second-degree child molestation, allegedly

occurring between July 17, 1991, and July 16, 1992.

The defendant raised three arguments in support of his appeal: first, defendant assigned as error the refusal of the trial justice to excuse a member of the jury and declare a mistrial after the juror overheard a conversation unrelated to this prosecution between defendant and another person. Second, defendant alleged that the trial justice erred in denying his motion for a judgment of acquittal because of the state's inability to prove that the offense occurred within the dates specified in the indictment; and finally, defendant alleged that the trial justice committed reversible error when he allowed into evidence incidents of defendant's prior bad acts with Mary pursuant to Rule 404(b) of the Rhode Island Rules of Evidence.

## Analysis

### I

### Member of the Jury

▆ During trial, an incident occurred in which two jurors, who were coincidentally traveling on the same bus as defendant overheard a conversation between defendant and another person. The jurors notified the trial justice about the incident and the fact that they had overheard defendant mention the Department of Children, Youth and Families (DCYF) and the question of child support. After conducting an *in camera* hearing the trial justice excused one juror at defendant's request, but refused to exclude the second juror, who was steadfast in her belief that the incident would not influence her ability to remain fair and impartial. On appeal, defendant argued that the trial justice committed reversible error by refusing to disqualify the second juror and declare a

---

1. To protect her true identity, this is a fictitious name.

2. The record also discloses that defendant was acquitted of misdemeanor simple assault arising out of the incident in the hallway of Mary's mother's apartment.

mistrial. We disagree. This Court has held that the refusal to pass a case rests within the sound discretion of the trial justice and will not be set aside absent an abuse of that discretion. *State v. Parente,* 460 A.2d 430, 438 (R.I.1983) (citing *State v. Pella,* 101 R.I. 62, 64, 220 A.2d 226, 228 (1966)). Further, "[i]t is well-settled in this jurisdiction that the issue of whether a juror is disqualified due to bias, prejudice or interest is left to the discretion of the trial justice." *State v. McDowell,* 685 A.2d 252, 255 (R.I.1996) (quoting *State v. Berberian,* 118 R.I. 413, 419, 374 A.2d 778, 781 (1977)). This Court will accord great deference to the trial justice's refusal to excuse a juror or to pass a case unless clearly wrong. *State v. Figueroa,* 673 A.2d 1084, 1091 (R.I.1996) (citing *State v. Tempest,* 651 A.2d 1198, 1207 (R.I.1995)).

■ To determine a juror's impartiality, an appropriate *in camera* inquiry of the juror is necessary. *State v. Chiellini,* 762 A.2d 450, 453–54 (R.I.2000). The determination of whether a challenged remark is harmful or prejudicial cannot be decided by any fixed rule of law. *State v. Peters,* 82 R.I. 292, 296, 107 A.2d 428, 430 (1954). Rather, it is incumbent upon the trial justice to evaluate the probable effect of the conduct on the outcome of the case by examining the remark in its factual context and to decide whether a juror can remain fair and impartial. *State v. Pugliese,* 117 R.I. 21, 26, 362 A.2d 124, 126–27 (1976).

Here, the trial justice conducted a detailed *in camera* inquiry of each juror in the presence of counsel. This hearing disclosed that the jurors overheard comments made by defendant about owing child support to DCYF, and that the person to whom the defendant was addressing his comments indicated that he had a book of food stamps worth about $600. The trial justice then explored whether these statements would cause either juror to make an improper judgment about defendant's character. We are satisfied that the trial justice adequately addressed the question of bias or prejudice on the part of each juror and concluded that the second juror could remain on the panel and reach a verdict that was both fair and impartial, unaffected by defendant's extrajudicial comments. We are not persuaded that the comments the juror overheard were so prejudicial as to arouse the passions of the jury against defendant.[3] These remarks were not prejudicial on their face, did not reflect upon defendant's guilt or innocence and were wholly irrelevant to the issues before the jury. Statements about child support that defendant may owe to DCYF and a book of food stamps do not amount to inflammatory rhetoric that could potentially arouse the passions of the juror against defendant. Furthermore, the trial justice took additional precautions, in the form of extensive inquiry, to ensure that these statements did not create a bias against defendant. Therefore, we are satisfied the trial justice did not abuse his discretion when he allowed the juror to remain in the case and denied defendant's request for a mistrial.

## II

## Denial of Motion for Judgment of Acquittal

■ The defendant next assigned as error the denial of his motion for judgment

---

3. For example, in *State v. Ordway,* 619 A.2d 819, 825 (R.I.1992), a case relied upon by defendant, the state alleged that the defendant had stabbed her husband to death. During cross-examination the prosecutor asked the defendant whether she recalled "having stabbed Mr. DaRosa[, a boyfriend from a prior relationship]?" We deemed this question so prejudicial that a mistrial was necessary, because "[t]he well was poisoned and the bell rung, and the resulting [prejudicial] effects cannot be altered." *Id.* at 828.

of acquittal because the state was unable to prove that the conduct charged in count 1 occurred within the dates contained in the indictment. "[This court] has consistently held that when a motion for judgment of acquittal is presented, the trial justice must view the evidence in the light most favorable to the state, drawing all reasonable inferences consistent with [defendant's guilt]." *State v. Jackson*, 752 A.2d 5, 8 (R.I.2000); *State v. Robertson*, 740 A.2d 330, 332 (R.I.1999); *State v. Lamoureux*, 573 A.2d 1176, 1181 (R.I. 1990). In this case, the record discloses that the trial justice considered not only the testimony in the case but also reviewed an agreement entered into by counsel stipulating that the charge of second-degree child molestation would be limited to on or about July 17, 1992. The record discloses that defense counsel agreed that the time frame for this offense would "be limited to on or about the 17th day of July 1992[.]" Thus, we are satisfied that this issue has been waived and we therefore need not address the substantive issue raised by the defendant.

## III

### Admission of "Other Crimes" Rule 404(b)

The defendant argued that the trial justice erred in permitting the jury to hear evidence of defendant's prior bad acts in violation of Rule 404(b).[4] The introduction of so-called Rule 404(b) evidence is a decision entrusted to the trial court's discretion.

"In deciding whether to admit evidence pursuant to Rule 404(b), a trial justice must carefully weigh the possibility that this evidence will unfairly prejudice the accused, and in the event the trial justice finds that the probative value of the evidence outweighs the danger of unfair prejudice, the trial justice must offer 'a specific instruction as to the limited purpose for which the evidence is being introduced.'" *State v. Brown*, 626 A.2d 228, 233 (R.I.1993).

■ During direct examination, Mary testified to incidents of assault defendant committed upon her over the course of several years. The record discloses that defendant posed a single objection to this extensive testimony. An appropriate limiting instruction was immediately given by the trial justice. Although there were other objections made by defendant throughout the testimony of Mary, those objections did not seek to exclude testimony about specific incidents of further molestation. During Mary's testimony, the trial justice repeatedly informed the jury that this testimony was offered for the limited purpose of demonstrating defendant's intent toward the complainant and to refute any suggestion that the touching charged in the indictment was an accident or mistake. It is significant to note, that to further his theory that Mary could not have suffered such repeated abuse without telling anyone about it, discussing it, or having it discovered, defense counsel elicited testimony that defendant had sexually assaulted her "hundreds of times" during this relevant period. Thus, we are satis-

4. Rule 404(b) of the Rhode Island Rules of Evidence provides:

"Character evidence not admissible to prove conduct; exceptions; other crimes. * * * (b): *Other Crimes, Wrongs, or Acts.* Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, or to prove that defendant feared imminent bodily harm and that the fear was reasonable."

fied that the trial justice did not err in admitting evidence about other assaults in the circumstances of this case. Further, the trial justice appropriately sought to eliminate any undue prejudicial effects from this evidence by giving a limiting instruction several times over the course of the trial and during his charge to the jury.

## Conclusion

Accordingly, for the reasons stated herein, we deny and dismiss the defendant's appeal. The conviction is affirmed and the papers in this case are remanded to the Superior Court.