**LOUIE BALK LIME AND READY–MIX CONCRETE, INC., Appellant,**

v.

**BOARD OF ADJUSTMENT OF the CITY OF CRESCO et al., Defendants,**

Robert E. Davies et al., Interveners.

No. 55890.

Supreme Court of Iowa.

Feb. 20, 1974.

George R. Laub, Cresco, for appellant.

No appearance for defendants.

Frank D. Elwood, Cresco, for interveners.

Heard by MOORE, C. J., and MASON, REES, UHLENHOPP and HARRIS, JJ.

REES, Justice.

This is an appeal from an order and ruling of trial court dismissing plaintiff-corporation's petition in certiorari and for declaratory judgment.

The plaintiff-corporation is, and has been at all times material to the controversy, the owner of a tract of real estate all located outside but within a few hundred feet of the corporate limits of the City of Cresco. Willard Balk, an officer of plaintiff, appeared at a regular meeting of the Board of Adjustment and Review of the City of Cresco and requested permission for his organization to make an application for a permit to construct a ready-mix concrete plant on the property of the corporation above referred to. After discussion, a motion was made by a member of the Board to grant plaintiff permission to file the application conditioned upon the

approval of the application by the Board of Supervisors of Howard County and the Council of the City of Cresco. The prerequisite approval being granted, a special meeting of the Board of Adjustment and Review was convened on June 24, 1972 to consider and to act upon the application of plaintiff. The application was denied.

On July 11, 1972 a second special meeting of the Board of Adjustment and Review was held for the purpose of hearing and considering plaintiff-corporation's appeal for a variance. A motion to deny the appeal was made and carried by a vote of two to one. The appeal was denied.

Subsequently, plaintiff filed its petition for certiorari in the District Court alleging that the denial of its application and the action of the Board of Adjustment and Review in connection therewith was irregular and improper for the reason that the zoning ordinance of the City of Cresco gave no jurisdiction to the zoning commission or the board of adjustment over property outside of the City of Cresco and that any zoning ordinance of the City of Cresco was ineffective outside the city limits on the following grounds:

(a) That notice published by the City of Cresco on January 19, 1970 informed the public of a hearing in regard to the proposed zoning ordinance for the City, and that the published notice made no reference to any attempt under the then existing law to zone any area outside of the City of Cresco.

(b) That at the time of the publication of said notice and the adoption of the ordinance the City of Cresco had no power to zone outside of the City; that the power to zone outside the City was thereafter granted by the Acts of the 63rd General Assembly (chapter 1192 of the Acts of the 63rd General Assembly, Second Session, approved March 20, 1970), subsequent to the published notice of a hearing on said ordinance; and that the City in its ordinance could not have contemplated the zoning of any property outside of its corporate limits.

(c) That section 414.23, The Code, 1971, granting the City the right to zone an area outside its city limits made it mandatory that the composition of the Planning and Zoning Committee and the Board of Adjustment and Review be increased by two members who were required to be residents of the area outside of the city or town limits; that the said Committee and Board were never increased in size and that the provision in the Acts of the 63rd General Assembly above referred to was therefore never implemented.

(d) That the Board of Adjustment and Review which heard the matter was not legally constituted, being composed of only four members with a vacancy existing on said Board for approximately two years prior which had not been filled by the City Council.

Writ of certiorari was issued by the District Court on June 20, 1972 (the same date as the filing of plaintiff's petition), and was ordered to be returned, and was returned, on August 3, 1972. On the same date the interveners named herein filed their petition of intervention. No pleading responsive to plaintiff's petition was filed by the Board of Adjustment or the individual members thereof, or by the City of Cresco. In their petition of intervention the interveners asserted they had an interest in the litigation by reason of the following:

(a) They were residents within close proximity to the proposed ready-mix plant of plaintiff and had appeared and resisted plaintiff's application for a variance filed with the Board of Adjustment.

(b) That the operation of the ready-mix plant in said location would constitute a nuisance per se.

(c) That the installation and operation thereof in said location would jeopardize the use of adjoining property.

(d) That the installation and operation thereof would lessen the valuation of the property in the vicinity and would be injurious to adjoining property.

(e) That the installation and operation of said plant at said location would constitute a nuisance in that the dust and pollution therefrom and consequent noise and traffic of heavy trucks would constitute a hazard to the health, welfare and safety of nearby residents.

(f) That the hard surfaced road serving said property and leading thereto in an easterly and westerly direction is of light construction, not built for heavy traffic and that heavy trucks to be utilized by the ready-mix plant would damage and destroy said road to the detriment of petitioners and the taxpayers of Howard County.

(g) That of necessity said road is embargoed during certain portions of the year and the weight of said trucks would be far in excess of the embargo limits.

(h) That the road is not constructed with adequate shoulders and the heavy trucks would constitute a traffic hazard dangerous to motorists and to children walking, bicycling, or otherwise legally upon or crossing said road.

(i) That the well and water utilization requirements of such an installation would be injurious to small wells of residents in the area.

(j) That the City of Cresco has provided adequate, available, industrial area with proper facilities, commensurate zoning, and land and utilities readily available upon which the plant could be installed and operated.

(k) That the petitioners and interveners are residents of an area that is exclusively residential or agricultural.

On August 10, 1972 the interveners filed their motion to dismiss plaintiff's petition alleging that the petition stated no cause of action, that plaintiff in its petition alleged lack of jurisdiction on the part of the defendant Board, but that plaintiff's petition shows upon its face that plaintiff had invoked the jurisdiction of said Board and had therefore waived jurisdictional questions set out in its petition; that plaintiff

therefore was estopped from denying the jurisdiction of the Board for it had on its own volition filed an application asking the Board to take jurisdiction of the matter and neither the transcribed record returned with the writ of certiorari nor the pleadings of the plaintiff disclosed any objections to the jurisdiction, composition or authority of the Board until after an adverse decision was rendered.

Hearing was thereafter held by trial court on interveners' motion to dismiss, the court concluding as a proposition of law that, as urged in interveners' motion, plaintiff having invoked the jurisdiction of the Board of Adjustment and Review could not then complain of the powers exercised by the Board in response to plaintiff's application for a variance. The court further concluded that the ordinance as adopted pertained to property beyond the city limits not to exceed two miles, and that the ordinance became effective by publication on February 24, 1971. The court found that prior to said date section 414.23, The Code, 1971 had become effective and that the City of Cresco was empowered thereby to include territory within two miles of its corporate limits in adopting a zoning ordinance. The court expressly found the legal description of the area within the City of Cresco or the area beyond the corporate limits was not set forth in the ordinance, but that a map of the zoned area was made a part of the ordinance by reference, and that said map included the area in which plaintiff's property is located.

The foregoing detailed explanation of the facts is necessary to a full understanding of the matter now before us. We are unable to agree with trial court, and reverse and remand for further proceedings.

Brief and argument has been filed here by plaintiff. As noted above, defendants Board of Adjustment and the individual members thereof and the City of Cresco did not appear and filed no pleadings in the trial court. The interveners filed no brief and argument on appeal. We find however that said interveners signed and

filed direction to their attorney who represented them in the trial court directing him not to pursue the matter further and not to file brief and argument in the matter before us here.

I. The zoning ordinance which is involved in this appeal is entitled Cresco's Zoning Ordinance No. 136, and was adopted by the City Council of Cresco on January 18, 1971. It became effective after its passage, approval and publication as provided by law on February 24, 1971, on which date it was published in the local newspaper. The ordinance by its general terms indicates it was being enacted and adopted by the City Council of Cresco pursuant to the provisions of chapter 414 of the 1966 Code of Iowa as amended; that the Council had appointed a zoning commission to recommend the boundaries of various original districts and appropriate regulations to be enforced therein; that the Planning and Zoning Commission had divided the city into districts, and had prepared regulations pertaining to such districts in accordance with a comprehensive plan designed to lessen congestion in the streets; to secure safety from fire, panic and other danger; to promote health and the general welfare; to provide adequate light or air; to prevent the overcrowding of land; to avoid undue concentration of population; to facilitate the adequate provision of transportation, water, sewage, schools, parks and other public requirements; and finally that the Planning and Zoning Commission had made a preliminary report and held public hearing thereon and submitted its final report to the Council, and the Council had given due public notice of hearings related to zoning districts, regulations and restrictions, and had held such public hearings, and that all of the requirements of chapter 414 of the Code of Iowa, 1966, as amended, with regard to the preparation of the report of the Plan and Zoning Commission and the subsequent action by the City Council had been met.

Insofar as the record before us is concerned, there is only one published notice to apprise the public of the fact that the documents prepared by the Plan and Zoning Commission on file at the City Clerk's office could be viewed and examined and that the proposed ordinance was on file for public perusal. This notice was dated January 19, 1970 and additionally stated that a public hearing would be held on March 9, 1970 at 8:30 P.M., in the council chambers or meeting room of the City of Cresco. Such hearing was obviously held in conformity with section 414.6, The Code, 1966, which provides:

"In order to avail itself of the powers conferred by this chapter, the council shall appoint a commission, to be known as the zoning commission, to recommend the boundaries of the various original districts, and appropriate regulations and restrictions to be enforced therein. Where a city plan commission already exists, it may be appointed as the zoning commission. Such commission shall, with due diligence, prepare a preliminary report and *hold public hearings* thereon before submitting its final report; and such council shall not hold its public hearings or take action until it has received the final report of such commission. After the adoption of such regulations, restrictions, and boundaries of districts, the zoning commission may, from time to time, recommend to the council amendments, supplements, changes, or modifications." (Italics supplied).

At the time of the public hearing on the adoption of the ordinance contemplated by the foregoing section held at 8:30 P.M. on March 9, 1970, the statute—chapter 414 of the 1966 Code—did not permit or enable a municipality to zone outside of its corporate limits. Section 414.23, The Code, 1971, which was enacted by the 63rd General Assembly on March 20, 1970 and which became effective on July 1, 1970, in accordance with the provisions of section 3.7, The Code, did permit cities and towns to zone the unincorporated area surrounding such city or town up to two miles beyond the limits of the city or town, except within a county where a county zoning or-

dinance exists. The record indicates the parties stipulated that Howard County had no county zoning ordinance in effect.

■ Section 414.23, The Code, 1971, which as above stated did not become effective until July 1, 1970 provides as follows:

"The powers granted by this chapter may be extended by ordinance by any city or town to the unincorporated area up to two miles beyond the limits of such city or town, except for those areas within a county where a county zoning ordinance exists. The ordinance shall describe in general terms the area to be included. The exemption from regulation granted by section 358A.2 to property used for agricultural purposes shall apply to such unincorporated area. If the limits of any such city or town are at any place less than four miles distant from the limits of any other city or town which has extended, or thereafter extends its zoning jurisdiction under this section, then at such time the powers herein granted shall extend to a line equidistant between the limits of said cities or towns.

"A municipality, during the time its zoning jurisdiction is extended under this section, shall increase the size of its planning and zoning commission and its board of adjustment each by two members. Said additional members shall be residents of the area outside the city or town limits over which the zoning jurisdiction is extended. They shall be chosen in the same manner and for the same terms of office and have the same rights, privileges, and duties as other members of each of said bodies.

"Property owners affected by such zoning regulations shall have the same rights of hearing, protest, and appeal as those within the municipality exercising this power.

"Whenever a county in which this power is being exercised by a municipality adopts a county zoning ordinance the power exercised by the municipality and the specific regulations and districts thereunder shall be terminated within three months of the establishment of the administrative authority for county zoning, or at such date as mutually agreed upon by the municipality and county."

It is obvious the Plan and Zoning Commission of the City of Cresco at the time it developed the ordinance could not have contemplated zoning outside the corporate limits of the City of Cresco, as it was then operating within the strictures and limitations of chapter 414 of The Code prior to the enactment of section 414.23. A public hearing was required prefatory to the adoption of regulations, restrictions and boundaries of districts. Section 414.6, The Code. We conclude therefore the zoning ordinance of the City of Cresco, as adopted, was not effective, and is not effective as a valid and subsisting zoning ordinance beyond the corporate limits of the City, as it is apparent the only hearing held was prior to the amendment to chapter 414, The Code, by the legislature's enactment of section 414.23 which permitted zoning beyond the corporate limits.

■ II. Clearly, plaintiff had resort to certiorari to review the action of the Board, although under the rationale which we have adopted *supra*, the lands owned by plaintiff being outside the corporate limits of the City of Cresco were not subject to any strictures or limitations at the time the application for the permit to erect its cement plant was denied. See section 414.15, The Code. See also 58 Am.Jur., Zoning, § 231, p. 1063.

■ III. The assertion by interveners that plaintiff had waived jurisdictional questions pleaded in its petition, and that it was therefore estopped from denying the jurisdiction of the Board upon which grounds the trial court, in part at least, based its ruling sustaining the interveners' motion to dismiss in the light of the foregoing must fall of its own weight. Clearly, the City Council and the Plan and Zon-

ing Commission and Board of Adjustment and Review had no jurisdiction whatever over lands lying outside the corporate limits of the City of Cresco. The ordinance did not in any sense affect the lands of the plaintiff, and no limitations as to the use of such lands resulted from the enactment of the ordinance in question.

We have reviewed all of the other assignments of error advanced by plaintiff, but deem it unnecessary to pass upon them in the light of the foregoing opinion.

The order and ruling of the trial court dismissing the petition of the plaintiff was based upon a mistaken premise. We therefore reverse the trial court and remand for further proceedings in conformity with this opinion.

Reversed and remanded.