**Lyle BOEHLER, Petitioner and Appellant,**

**v.**

**Richard BACKES, Director, North Dakota Department of Transportation, Respondent and Appellee.**

**Civ. No. 900161.**

Supreme Court of North Dakota.

Oct. 2, 1990.

Thomas K. Schoppert, of Schoppert Law Firm, Minot, for petitioner and appellant.

Robert E. Lane, Asst. Atty. Gen., Dept. of Transp., Bismarck, for respondent and appellee.

LEVINE, Justice.

Lyle Boehler appeals from a district court judgment affirming an administrative suspension of Boehler's driver's license. We affirm.

Boehler was arrested for driving under the influence of alcohol and taken by the arresting officer to St. Joseph's Hospital in Minot to have a sample drawn for a blood-alcohol test. After the sample was drawn for the sheriff's department, Boehler indicated that he wished to have his own blood-alcohol test administered at Trinity Hospital, also in Minot. The deputy declined to take Boehler to the alternative hospital because "they did not have anyone qualified on duty at that time."

At the administrative hearing, Boehler challenged the admission of the results of the blood-alcohol test, arguing he was denied his opportunity to an independent test as provided in NDCC § 39–20–02, and that the first test, therefore, was not fairly administered. The hearing officer found that Boehler was not prevented from having his own test conducted, that he was fairly tested, and that the test results showed he had a blood-alcohol content over ten one-hundredths of one percent by weight. Accordingly, Boehler's driver's license was suspended. The district court affirmed the administrative decision and Boehler now challenges the administrative finding that he was given an opportunity for an independent test of his blood-alcohol content.

■ When we examine findings of fact made by an administrative decision-maker, we look to see if they are supported by a preponderance of the evidence. NDCC § 28–32–19(5). In determining whether an agency's findings of fact are supported by a preponderance of the evidence, we do not make independent findings of fact or substitute our judgment for that of the administrative decision-maker, but determine only whether a reasoning mind reasonably could have determined that the factual conclusions were proved by the weight of the evidence. *Evans v. Backes*, 437 N.W.2d 848, 849 (N.D.1989).

■ Section 39–20–02, NDCC, provides, in part, that a person having a blood sample taken for toxicological testing at the direction of a law enforcement officer "may have a physician, or a qualified technician, chemist, registered nurse, or other qualified person of his own choosing administer a chemical test or tests in addition to any administered at the direction of a law enforcement officer with all costs of an additional test or tests to be the sole responsibility of the person charged. The failure or inability to obtain an additional test by a person does not preclude the admission of the test or tests taken at the direction of a law enforcement officer."

Our interpretation of a statute must be reasonable and consistent with the intent of the legislature. *See, e.g., Storbeck v. Oriska School Dist. No. 13*, 277 N.W.2d 130 (N.D.1979). Section 39–20–02 permits the person tested to have an additional test administered by a person of the suspect's choosing. The right to an additional test is limited necessarily by the availability of testing facilities and other circumstances that may bear on whether an additional testing opportunity is reasonably available. In this case, the administrative hearing officer found that Boehler was not prevented from having his own test conducted and, accordingly, he was fairly tested. The issue is, therefore, whether a reasoning mind reasonably could determine by a preponderance of the evidence from the entire record that Boehler was not prevented from having his own test.

■ The arresting officer testified that he gave Boehler the opportunity to have his own test conducted at St. Joseph's, the hospital where the state's test was conducted. Boehler had requested that his own test be conducted at Trinity Hospital, three blocks distant from St. Joseph's Hospital. The Ward County Sheriff's Department, however, had received notice that Trinity Hospital would not have medical technologists on duty to draw blood samples for law enforcement. Based on this notice, the arresting officer concluded that no qualified person was on duty at the time Boehler requested testing at Trinity Hospital.

The record establishes the officer's belief that a second test was not available at the location chosen by Boehler, and the basis for that belief. Boehler argues that the inference drawn by the officer from the notice received from Trinity Hospital was unreasonable. He argues that even if medical technologists were not available for drawing blood samples, doctors and nurses may have been. Boehler did not offer evidence at the administrative hearing that he could have obtained a test at Trinity Hospital at the time he requested it from doctors, nurses or medical technologists. Even if he had, we believe the notice was subject to different interpretations and the officer's was a reasonable one.

The weight of the evidence supports a conclusion that an independent test was not available at the location chosen by Boehler. Therefore, the hearing officer could properly conclude that Boehler was not prevented from having his own test conducted, and that he was fairly tested.

The judgment is affirmed.

ERICKSTAD, C.J., and MESCHKE, GIERKE and VANDE WALLE, JJ., concur.