2002 ND 48

**CITY OF GRAND FORKS,**
**Plaintiff and Appellee,**

v.

**Ben Nmn THONG, Defendant**
**and Appellant.**

**No. 20010246.**

Supreme Court of North Dakota.

March 12, 2002.

Kristen S. Pettit, Assistant City Prosecutor, Grand Forks, for plaintiff and appellee.

Henry H. Howe, Howe & Seaworth, Grand Forks, for defendant and appellant.

VANDE WALLE, Chief Justice.

[¶ 1] Benjamin Thong appealed from a district court judgment affirming his conviction in Grand Forks Municipal Court for both theft of property and failure to appear. Thong's appeal raises numerous issues, including his assertion that the municipal court lacked subject matter jurisdiction to hear the theft of property case. Thong's arguments also include a challenge to the sufficiency of the evidence supporting his conviction on a charge of failure to appear at a hearing relating to the theft case. We reverse the judgment below and remand the theft charge for a jury trial.

[¶ 2] Thong was arrested for the crime of theft, a violation of Grand Forks City Ordinance 9–0103. Police recorded Thong's name as Ben Ong. Further, police recorded Thong's address as 201 North 21st Street, Grand Forks, ND. Thong posted bond, was directed to appear in municipal court on January 9, 2001 and was released. The municipal court date was subsequently continued to January 16.

[¶ 3] On that date David Dusek, an attorney retained by Thong, contacted the clerk of municipal court and explained he was representing Thong and Thong was pleading "not guilty" to the charge of theft of property. The clerk sent a letter to Dusek and to the address the police had recorded on the citation as Thong's, notifying Thong that a hearing had been scheduled for March 2, and the last day to request a jury trial was February 14. The clerk has no memory of the letter sent to Thong's home address being returned as undeliverable.

[¶ 4] On February 14, Dusek went to the clerk of court's office and signed a jury trial request form. Dusek asked the clerk

of court to keep the form but not file it until Dusek could speak to Thong whom he had been having trouble getting in touch with. Before the district court, Dusek testified he had signed the jury request form "to preserve [Thong's] right to the jury trial." The form was not signed by Thong and, though signed by Dusek, the jury request form was never filed by the clerk.

[¶ 5] On February 28, Dusek appeared before the municipal court and requested that he be allowed to withdraw as Thong's attorney because Thong had not contacted him since February 1, and Dusek's email to Thong had gone unanswered. Dusek was allowed to withdraw. If the municipal court scheduled a hearing for February 28, the scheduling order does not appear in the record.

[¶ 6] Dusek testified before the district court that he sent a letter to 201 North 21st Street (the address the police recorded on the citation as Thong's) and an email to Thong, both notifying Thong of the February 28 court date. But the letter was returned by the post office and the email went unanswered. Thong was not in court on February 28. As a result, the municipal court ordered an arrest warrant be issued for Thong's failure to appear in municipal court on February 28.

[¶ 7] This warrant was signed on March 1, but was "held" until March 2, the date set for Thong's trial. Thong did not appear at the March 2 hearing, and he was ultimately arrested by police on March 27.[1] The charge of failure to appear was based on the clerk's sworn statement that:

> Ben Ong did on or about the 28th day of February, 2001 ... within the City limits of the said City of Grand Forks, in said County and State, commit the crime and offense of Failure to Appear com-

---

1. Thong was arrested on a warrant for failure to appear in court on February 28, 2001.

Thong was apparently not charged with failure to appear in court on March 2, 2001.

mitted as follows, to wit: That at said time and place the said Ben Ong did then and there willfully and unlawfully fail to appear in Grand Forks Municipal Court on the 28th day of February 2001, in accordance with his promise to appear on said day on the charge of Theft, in violation of Section 8–1503(13) of the Grand Forks City Code.

[¶ 8] Thong was brought before the municipal court, and eventually a bench trial was held at which Thong was represented by different counsel. Thong was convicted of both theft of property in violation of Grand Forks City Code 9–0103 and failure to appear in violation of Grand Forks City Code 8–1503(13). Thong appealed to the district court for a trial anew as provided for by N.D.C.C. § 40–18–19. After a bench trial in district court, Thong was again convicted of the same offenses.

I

[¶ 9] Thong asserts the municipal court lost jurisdiction over the charge of theft of property when Dusek signed the form requesting a jury, and therefore lacked the authority to conduct a bench trial. Grand Forks urges that since Thong did not challenge the municipal court's jurisdiction at either the trial in municipal court or the trial in district court, the issue was not properly preserved for appeal and Thong should not now be allowed to make this argument on appeal. Whether or not a court has subject matter jurisdiction, however, is a question which can be raised at any time, even of a court's own accord. *See, e.g., Trottier v. Bird*, 2001 ND 177, ¶ 5, 635 N.W.2d 157.

[¶ 10] The North Dakota Constitution guarantees the right to a jury trial. N.D. Const. Art. I, § 13. In order to exercise this right in municipal court, however, a defendant who violates a city ordinance must request a jury trial *"within"* twenty-

eight days after his or her arraignment. N.D.C.C. § 40–18–15.1 (emphasis ours) (providing "[a] matter may be transferred to district court for trial only if within twenty-eight days after arraignment the defendant has requested in writing to transfer the case to district court and to exercise the defendant's right to a jury trial"). *See also City of Bismarck v. Fettig*, 1999 ND 193, ¶ 12, 601 N.W.2d 247 (holding requiring a defendant to request a jury trial under N.D.C.C. § 40–18–15.1 does not violate our Constitution's guarantee of a trial by jury).

[¶ 11] The legislature thus established a deadline by which the right to a jury trial under these circumstances must be requested or it is forfeited. N.D.C.C. § 40–18–15.1. The legislature did not commit the length of time a defendant has to request a jury trial to the discretion of the municipal courts; rather, the legislature set the time at exactly twenty-eight days. *Id.*

[¶ 12] On February 14, Thong's attorney signed a form requesting a jury trial, "to preserve [Thong's] right to the jury trial." Though this form was not signed by Thong or filed by the clerk of court, it nonetheless was signed by Thong's legal counsel with the intent of preserving Thong's right to a jury trial.

[¶ 13] Moreover, Grand Forks concedes this request preserved Thong's right to a jury trial "until at least February 28, 2001." Grand Forks contends, however, the jury request preserved Thong's right to a jury trial not because it was an affirmative request for a jury trial, but only because the request prompted the municipal court to grant a continuance on the matter. Nowhere in the record, however, is there evidence of a continuance being granted by the municipal court.

[¶ 14]   In any event, the statute does not provide a municipal court or the clerk of court the authority to extend the twenty-eight day time period in which to request a jury trial.   N.D.C.C. § 40–18–15.1. Therefore, if the request had the effect of preserving the right to a jury trial at all, as Grand Forks and Thong both argue it did, it must have been a request for a jury trial as provided by the statute.

[¶ 15]   As a result of the request for the jury trial, the matter should have been automatically transferred to district court. *Cf. City of Fargo v. Dawson,* 466 N.W.2d 584 (N.D.1991)(holding under a prior version of N.D.C.C. § 40–18–15.1 a municipal court prosecution is automatically transferred to county court for trial if the defendant does not waive in writing the right to a jury trial within twenty-eight days after arraignment).   Under the statutory scheme we conclude the municipal court had no further jurisdiction over the matter at that time.   Because the municipal court was without the requisite jurisdiction its judgment is void.   *Larson v. Dunn,* 474 N.W.2d 34, 39 (N.D.1991).   Because the municipal court judgment is void, the conviction was a nullity and there was no judgment to be appealed to the district court.   N.D.C.C. § 40–18–19 (providing "[a]n appeal may be taken to the district court from a judgment of conviction" in municipal court).

## II

[¶ 16]   Grand Forks argues further that Thong waived any right to a jury trial he may have had by submitting to bench trials in both municipal and district court without specifically asserting his right to a trial by jury.   We disagree.

[¶ 17]   Thong was entitled to a jury trial as a result of his request and the failure to obtain an express waiver of the right to a jury trial from Thong constitut-ed an error of constitutional dimension affecting Thong's substantial rights.   *Cf. State v. Kranz,* 353 N.W.2d 748, 752 (N.D. 1984) (holding waiver of a jury trial "must be a matter of certainty and not implication").   In district court, waiver of the right to a jury trial must be express.   *Id.* (observing "[i]t is . . . . the trial court's responsibility to jealously preserve the right to trial by jury").   Upon our review of the entire record we find no express waiver of the right to trial by jury.   We therefore reverse and remand the matter for further proceedings in accord with Thong's request for a jury trial.

## III

[¶ 18]   Thong argues Grand Forks failed to establish he was ever ordered to appear on February 28, 2001, and, as a result, there is insufficient evidence to support his conviction for failure to appear.   This Court "review[s] a challenge to the sufficiency of the evidence by drawing all inferences in favor of the verdict."   *City of Jamestown v. Neumiller,* 2000 ND 11, ¶ 5, 604 N.W.2d 441.   "Reversal is warranted only if, after viewing the evidence and all reasonable evidentiary inferences in the light most favorable to the verdict, no rational factfinder could have found the defendant guilty beyond a reasonable doubt."   *Id.*

[¶ 19]   Here, however, in view of our conclusion the municipal court lost jurisdiction of the theft charge when the request for a jury trial was signed by Thong's attorney on February 14, there could be no reason or valid order for Thong to appear in municipal court on February 28 on the theft charge.   The municipal court was without jurisdiction to try Thong for failure to appear.

[¶ 20]   Furthermore, if Thong could have been charged with failure to

appear in municipal court,[2] we agree there is insufficient evidence to support his conviction. Although Dusek appeared on February 28 in municipal court, and later testified in district court he so appeared because a court hearing was scheduled for that date, in our review of the record we find insufficient evidence to establish that a court hearing was, in fact, scheduled or ordered for February 28. Without evidence of Thong's obligation to appear on February 28 in the file of municipal court, there is insufficient evidence to prove Thong failed any obligation to appear on that date. Informality of procedure may have certain advantages, but it does not facilitate, and may not survive, appellate review.

[¶ 21] We therefore reverse Thong's conviction for failure to appear.

[¶ 22] Resolving the failure to appear charge as we have makes unnecessary a discussion of the other issues raised on appeal. *State v. Hirschkorn*, 2002 ND 36, ¶ 23 (explaining "[w]e need not consider issues not necessary to our decision").

[¶ 23] The decision below is reversed and remanded.

[¶ 24] SANDSTROM, NEUMANN, MARING, and KAPSNER, JJ., concur.

---

2. Section 8–1503(13) of the Grand Forks City Code was cited for the charge of failure to appear. It is undisputed that this subsection is the penalty provision for snowmobile violations under 8–1203 of the traffic and motor vehicles section and its application is not supported by the record. Municipal courts do, however, have the power to "enforce due obedience to the court's orders and judgments." N.D.C.C. § 40–18–14.