2015 ND 235

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Chad Scott GUTTORMSON, Defendant and Appellant.**

**No. 20150035.**

Supreme Court of North Dakota.

Sept. 17, 2015.

Cherie L. Clark (argued) and Reid A. Brady (appeared), Assistant State's Attorneys, Fargo, N.D., for plaintiff and appellee.

Richard E. Edinger, Fargo, N.D., for defendant and appellant.

1. The criminal judgment incorrectly refers to N.D.C.C. § 39–08–01(1)(e)(2), refusal to submit to a chemical test, as the basis for the

SANDSTROM, Justice.

[¶ 1] Chad Guttormson appeals a district court judgment after a jury found him guilty of refusal to submit to an onsite screening test.[1] He argues his Sixth Amendment right of confrontation was violated because the arresting officer did not testify at trial and was not subject to cross-examination, and another officer was allowed to testify regarding the arresting officer's actions. Additionally, Guttormson argues there was insufficient evidence from which the jury could infer the arresting officer formed an opinion that Guttormson had committed a traffic violation or that his body contained alcohol. We affirm the judgment of the district court, concluding Guttormson's Sixth Amendment right of confrontation was not violated and sufficient evidence exists to support his conviction, but remand for the district court to correct the clerical error in the judgment.

I

[¶ 2] In July 2014, Guttormson was stopped by West Fargo Police Officer Jorge Gonzalez for an alleged traffic violation and was subsequently arrested and charged with driving under the influence and refusal to submit to an onsite screening test. Another West Fargo police officer, Ryan Birney, was sent to assist with the stop. At trial, Officer Gonzalez was not called to testify, but Officer Birney did testify as to what he personally saw and heard. Officer Birney testified he observed Guttormson displaying poor balance, swaying, having difficulty standing without support, and appearing intoxicated from alcohol. He testified he saw Officer Gonzalez retrieve his implied consent advisory form, recite the advisory, and request

conviction rather than N.D.C.C. § 39–08–01(1)(e)(3), refusal to submit to an onsite screening test.

an onsite screening test. Birney testified Guttormson refused to take the test, and Officer Gonzalez then placed him under arrest for DUI and refusal to submit to an onsite screening test. In addition to Officer Birney's testimony of his observations regarding the incident, the silent video from Officer Gonzalez's squad car was admitted into evidence. On the State's motion, the district court dismissed the DUI charge. The jury found Guttormson guilty of refusal to submit to an onsite screening test.

[¶ 3] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. The appeal is timely under N.D.R.App.P. 4(b). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 29–28–06.

## II

[¶ 4] Guttormson argues his Sixth Amendment right of confrontation was violated in two different ways, because the arresting officer, Officer Gonzalez, did not testify at trial. First, Guttormson argues the crime of refusal to submit to an onsite screening test requires the arresting officer to testify he formed an opinion that the defendant's body contained alcohol. He claims that failure to have the arresting officer do so, and to instead allow the jury to infer the officer's state of mind through circumstantial evidence, violates his Sixth Amendment right to confrontation. Second, Guttormson argues his right to confront his accuser was violated by the admission of the arresting officer's squad car video and a backup officer's testimony that he heard the arresting officer recite the implied consent advisory and ask Guttormson to take an onsite screening test.

[¶ 5] We apply a de novo standard in reviewing an alleged violation of a constitutional right. *State v. Blue*, 2006 ND 134, ¶ 6, 717 N.W.2d 558. The Con-

frontation Clause of the Sixth Amendment to the United States Constitution states, "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him. . . ." In *Crawford v. Washington*, the United States Supreme Court held the Sixth Amendment prohibits the admission of testimonial hearsay against the accused unless the witness is unavailable to testify and the accused had a prior opportunity to cross-examine the declarant. *Crawford*, 541 U.S. 36, 68, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). To be "testimonial" the statement must fit into one of the core classes that the Court has defined as such. *Id.* at 51–52, 124 S.Ct. 1354. To be "hearsay" the statement must be an out-of-court statement offered to prove the truth of the matter asserted. *Ehrlich v. Backes*, 477 N.W.2d 211, 214 (N.D.1991); see also N.D.R.Ev. 801.

[¶ 6] The United States Supreme Court has not specifically defined "a testimonial statement," but has said "testimony" is "typically a solemn declaration or affirmation made for the purpose of establishing or proving some fact." *Crawford*, 541 U.S. at 51, 124 S.Ct. 1354. The Court described the type of "testimonial" statements invoking an accused's confrontation rights: (1) "ex parte in-court testimony or its functional equivalent—that is, material such as affidavits, custodial examinations, prior testimony that the defendant was unable to cross-examine, or similar pretrial statements that declarants would reasonably expect to be used prosecutorially"; (2) "extrajudicial statements . . . contained in formalized testimonial materials, such as affidavits, depositions, prior testimony, or confessions"; or (3) "statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial." *Crawford*,

541 U.S. at 51–52, 124 S.Ct. 1354. The Court further stated, "An accuser who makes a formal statement to government officers bears testimony in a sense that a person who makes a casual remark to an acquaintance does not." *Id.* at 51, 124 S.Ct. 1354.

■■■ [¶ 7] Under N.D.R.Ev. 801(c), hearsay is a statement that "(1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." "If an out-of-court statement is not offered to prove its truth, it is not hearsay." *Moen v. Thomas,* 2001 ND 95, ¶ 11, 627 N.W.2d 146; *Ehrlich,* 477 N.W.2d at 214; *State v. Welch,* 426 N.W.2d 550, 555 (N.D.1988); *see also* N.D.R.Ev. 801, explanatory note. Similarly, a statement offered simply to prove it was made is not hearsay. *Moen,* at ¶ 11; *Ehrlich,* at 214.

[¶ 8] Despite Guttormson's arguments concerning his right to confront the arresting officer in this case, he seems to misunderstand the exact circumstances that trigger the right to confront. In *Crawford,* the United States Supreme Court made clear the right to confront prohibits the admission of testimonial hearsay against a defendant unless the witness is unavailable and the defendant had an opportunity to cross-examine. *Crawford,* 541 U.S. at 68, 124 S.Ct. 1354. Therefore, "testimonial hearsay" is the specific type of statement giving rise to the right to confront. *Id.* Here Guttormson is challenging the admission of Officer Gonzalez's silent squad car video, absent an opportunity to cross-examine Gonzalez. He is also challenging the testimony of Officer Birney concerning Birney's observations of Gonzalez's statements and actions. What he seems to misunderstand is that the squad car video, the recitation of the implied consent advisory, and the request for a breath test do not contain any testimonial hearsay triggering the right to confront.

■■ [¶ 9] Statements admitted to prove a point other than the truth of the matter asserted are not hearsay. *Welch,* 426 N.W.2d at 555. *See also* N.D.R.Ev. 801, explanatory note. Officer Birney's testimony regarding Gonzalez's recitation of the implied consent advisory and the request for a breath test were not testimonial hearsay introduced to prove the truth of the matter asserted, but were introduced to establish the verbal act having occurred. *See Crawford,* 541 U.S. at 59 n. 9, 124 S.Ct. 1354 (citing *Tennessee v. Street,* 471 U.S. 409, 414, 105 S.Ct. 2078, 85 L.Ed.2d 425 (1985) ("The [Confrontation] Clause also does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted.")). *See also Michigan v. Bryant,* 562 U.S. 344, 131 S.Ct. 1143, 1160 n. 11, 179 L.Ed.2d 93 (2011) ("An interrogator's questions, unlike a declarant's answers, do not assert the truth of any matter."). Here the State did not offer evidence the advisory was given by Gonzalez to prove the truth of the statements in the advisory. Nor did the State offer evidence of Gonzalez's request for a breath test to prove the truth of the request, since such a request, by definition, cannot be proven true. Rather, both the advisory and the request were offered through Officer Birney's testimony simply to prove they were said. Officer Gonzalez's statements and actions during the encounter are not testimonial, and therefore admission of his actions without an opportunity for cross-examination did not violate Guttormson's right to confrontation.

[¶ 10] To support his argument, Guttormson relies on the United States Supreme Court's analysis in *Bullcoming v. New Mexico,* —— U.S. ——, ——, 131 S.Ct. 2705, 2709, 180 L.Ed.2d 610 (2011).

*Bullcoming* is a felony DUI case in which a forensic report analyst who certified the defendant's blood-alcohol content was unavailable to testify at trial. *Id.* at 2710. The State instead called another analyst who was familiar with the testing procedures but had not participated in the test on Bullcoming's blood sample. *Id.* The Court held that surrogate testimony of a non-participating analyst violated the Sixth Amendment Confrontation Clause because the defendant has a right to be confronted with the analyst who actually made the certification. *Id.* Guttormson argues the silent squad car video and Birney's testimony are the exact surrogate evidence forbidden by *Bullcoming.* Guttormson's reliance on *Bullcoming* is misplaced because it is distinguishable from the facts in his case in several different ways.

[¶ 11] In *Bullcoming,* the testimony in question involved a blood analyst's report certifying that Bullcoming's blood-alcohol concentration was above the threshold for aggravated DWI. *Id.* at 2711. The Court has made clear that such evidence is testimonial and that such a report may not be offered without a live witness, competent to testify to the truth of the report. *Melendez–Diaz v. Massachusetts,* 557 U.S. 305, 310–11, 129 S.Ct. 2527, 174 L.Ed.2d 314 (2009); *Bullcoming,* 131 S.Ct. at 2710. Here the testimony in question involves not an analyst's report prepared specifically for evidentiary purposes, but a police officer's testimony about events he personally observed. Furthermore, in *Bullcoming,* the testifying witness was an analyst who was familiar with the testing procedures but had not participated in the actual test on Bullcoming's blood sample. The testifying analyst had in no way observed the certifying analyst's testing of the sample. This is not the case regarding Officer Birney's testimony. Unlike the analyst in *Bullcoming,* Birney was present and did observe and participate in all relevant portions of Guttormson's encounter with Officer Gonzalez. Aside from Gonzalez's actual initiation of the traffic stop, Birney was testifying to events he personally observed, not events he was simply familiar with or had heard about from someone else. The surrogate testimony offered in *Bullcoming* is not the same kind of testimony given by Officer Birney in this case, and he could properly testify about what he personally saw.

■ [¶ 12] The silent squad car video also contains no testimonial hearsay. The video in conjunction with Officer Birney's testimony about his personal observations were admitted as circumstantial evidence to prove Officer Gonzalez's opinion. Guttormson argues the silent video is "testimonial" in nature, was created "solely for an evidentiary purpose," and was intended by Gonzalez to be an "assertion." Because of this, Guttormson argues admission of the video without having Gonzalez present to testify regarding his opinions violates his right of confrontation. Once again, however, there is nothing to suggest the squad car video is actually testimonial hearsay—a requirement for triggering the right to confront. *State v. Sorenson,* 2009 ND 147, ¶ 16, 770 N.W.2d 701; *Davis v. Washington,* 547 U.S. 813, 823, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006).

[¶ 13] Rule 801(a), N.D.R.Ev., defines a "statement" as "a person's oral assertion, written assertion, or nonverbal conduct, if the person intended it as an assertion." Guttormson contends that the entire video is a "statement" by Gonzalez and that he intended it to be an "assertion." He fails to identify, however, how Gonzalez's actions are assertive statements. Gonzalez's actions depicted in the video are simply that: actions. *See* N.D.R.Ev. 801 explanatory note (providing that "nonverbal conduct, to be a statement, and thus hearsay,

must be intended by the party to be an assertion. Nonassertive conduct is not a statement and therefore not objectionable as hearsay."). There is no evidence suggesting Gonzalez intended the video to be an assertion. The recording of the video was automatically activated when Gonzalez turned on his emergency lights, and it was set to automatically record from one minute prior to Gonzalez turning on his lights. The video recording itself was not subject to Gonzalez's control, aside from his decision to turn on his squad car's emergency lights. Even if Gonzalez had manually activated the actual squad car recording himself, that would not transform his conduct captured on camera into a "statement" constituting testimonial hearsay.

[¶ 14] Guttormson points to several of Gonzalez's actions which are depicted in the video—activation of his overhead lights, gestures made by Gonzalez toward Guttormson, pointing across the street, the retrieval of an index card, and the arrest of Guttormson. He fails to identify, however, how these actions constitute testimonial hearsay. Gonzalez's actions in all of the examples listed by Guttormson were not offered into evidence to prove the truth of any matter asserted, because the actions were not asserting anything. Instead, they were offered as circumstantial evidence of Gonzalez's opinion and his conduct. Once again, "testimonial hearsay" is the specific type of statement giving rise to the right to confront. *Crawford v. Washington*, 541 U.S. 36, 68, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). Because the video contained no testimonial hearsay, no violation of the right to confront has occurred. *Id.* at 51, 124 S.Ct. 1354.

### III

[¶ 15] Guttormson argues there was insufficient evidence to support his conviction for refusal to submit to an on-site screening test. He claims the evidence was insufficient regarding Officer Gonzalez's opinion that Guttormson committed a traffic violation and that his body contained alcohol. The State contends there was sufficient evidence to support the conviction.

[¶ 16] "When the sufficiency of evidence to support a criminal conviction is challenged, this Court merely reviews the record to determine if there is competent evidence allowing the jury to draw an inference reasonably tending to prove guilt and fairly warranting a conviction." *State v. Nakvinda*, 2011 ND 217, ¶ 12, 807 N.W.2d 204 (quoting *State v. Kinsella*, 2011 ND 88, ¶ 7, 796 N.W.2d 678). "Reversal is warranted only if, after viewing the evidence and all reasonable evidentiary inferences in the light most favorable to the verdict, no rational factfinder could have found the defendant guilty beyond a reasonable doubt." *State v. Morales*, 2004 ND 10, ¶ 27, 673 N.W.2d 250 (quoting *City of Grand Forks v. Thong*, 2002 ND 48, ¶ 18, 640 N.W.2d 721). "A verdict based on circumstantial evidence carries the same presumption of correctness as other verdicts." *State v. Tibor*, 2007 ND 146, ¶ 33, 738 N.W.2d 492 (quoting *State v. Noorlun*, 2005 ND 189, ¶ 20, 705 N.W.2d 819). A conviction may be justified on circumstantial evidence alone if the circumstantial evidence has such probative force as to enable the trier of fact to find the defendant guilty beyond a reasonable doubt. *State v. Steinbach*, 1998 ND 18, ¶ 16, 575 N.W.2d 193.

[¶ 17] Under N.D.C.C. § 39-08-01(1)(e)(3), "[a] person may not drive or be in actual physical control of any vehicle ... if ... [t]hat individual refuses to submit to ... [a]n onsite screening test, or tests, of the individual's breath ... upon the request of a law enforcement officer

under section 39–20–14." Under N.D.C.C. § 39–20–14(1):

Any individual who operates a motor vehicle ... is deemed to have given consent to submit to an onsite screening test or tests of the individual's breath ... upon the request of a law enforcement officer who has reason to believe that the individual committed a moving traffic violation ... and in conjunction with the violation ... the officer has, through the officer's observations, formulated an opinion that the individual's body contains alcohol.

[¶ 18] At trial, the jury was given instructions regarding the burden of proof under the statutes. The court detailed that the prosecution must prove, beyond a reasonable doubt, six essential elements for refusal to submit to testing based on N.D.C.C. §§ 39–08–01(1)(e)(3) and 39–20–14. Guttormson argues the State did not provide sufficient evidence that Officer Gonzalez had reason to believe Guttormson committed a moving traffic violation, and in conjunction with the violation, formulated an opinion that Guttormson's body contained alcohol. He focuses on the language in N.D.C.C. § 39–20–14(1), which was covered by essential element number two in the jury instruction, and alleges it was not proven beyond a reasonable doubt.

[¶ 19] A review of the record in the light most favorable to the verdict, however, supports the conviction. Sufficient circumstantial evidence was offered so that the jury could reasonably infer the requirements of the statute were met. To convict Guttormson, the statute requires "a law enforcement officer who has reason to believe that the individual committed a moving traffic violation ... and in conjunction with the violation ... formulated an opinion that the individual's body contain[ed] alcohol." N.D.C.C. § 39–20–14(1). The State was not required to prove the

traffic violation itself beyond a reasonable doubt, nor was it required to prove that Guttormson's body contained alcohol beyond a reasonable doubt. The statute simply requires proof the officer "has reason to believe" a traffic violation occurred, and "formulated an opinion" the person's body contains alcohol. At trial, Birney's testimony suggested the silent squad car video showed Guttormson, just before the stop, briefly driving on the center line in the road. After doing so, he was pulled over. From this evidence and the jury's own personal observation of the video, the jury could have reasonably inferred that Gonzalez had reason to believe Guttormson committed a moving traffic violation. *See* N.D.C.C. § 39–10–17(1) (providing that "[a] vehicle must be driven as nearly as practicable entirely within a single lane ...").

[¶ 20] Officer Birney also testified that upon his arrival Guttormson exhibited several visual signs of potential alcohol consumption—poor balance, swaying, difficulty standing, and the appearance of being intoxicated. These actions were also illustrated at trial in the silent squad car video. Through these circumstances, which the State argued through observation of the video—Guttormson's traffic violation, his parking in the left turn lane, his poor balance and swaying, and his staggering back and leaning against his pickup, as well as Officer Birney's testimony regarding his personal observations—the jury could have reasonably inferred that Gonzalez, through his observations, formulated an opinion that Guttormson's body contained alcohol. Based on these inferences, the conviction for refusal to submit to an onsite screening test was established beyond a reasonable doubt.

[¶ 21] After reviewing the evidence and testimony and all inferences reasonably drawn therefrom in a light most favorable

to the verdict, we conclude a rational fact-finder could have found Guttormson guilty beyond a reasonable doubt. *See Morales,* 2004 ND 10, ¶ 27, 673 N.W.2d 250. We conclude sufficient evidence exists to sustain Guttormson's conviction.

## IV

[¶ 22] Because Guttormson's Sixth Amendment right of confrontation was not violated and sufficient evidence exists to support his conviction, we affirm the judgment of the district court, but remand for the district court to correct the judgment to reflect the conviction under N.D.C.C. § 39–08–01(1)(e)(3).

[¶ 23] GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS, DANIEL J. CROTHERS, and CAROL RONNING KAPSNER, JJ., concur.

VANDE WALLE, Chief Justice, concurring specially.

[¶ 24] I agree with and have signed the opinion authored for the Court by Justice Sandstrom. The opinion painstakingly applies the Sixth Amendment right of confrontation and the hearsay rule to the facts of the matter before us and concludes there was no violation of that right. Under the circumstances of this case I agree with that conclusion. I write separately to note that although we affirm the judgment of conviction in this case, I believe it is injudicious to not call the arresting officer as a witness in these matters if that officer is available. It seems to me inevitable that in future cases if a witness other than the arresting officer is called to testify on matters surrounding the arrest, that witness will be asked an essential question only the arresting officer could answer. If an objection to the question is sustained, the case may well be dismissed for lack of sufficient evidence or, if that witness is allowed to answer, the conviction will be overturned on appeal because of a violation of the Sixth Amendment right of confrontation. The opinion of the Court should be read with the understanding that, like most opinions of the Court, it is limited to the facts of the case, and under different facts the result might well be different.

[¶ 25] CAROL RONNING KAPSNER, J., concurs.

McEVERS, Justice, concurring specially.

[¶ 26] I agree with the majority opinion, and with Chief Justice VandeWalle's special concurrence, that the opinion should be read as limited to the facts of the case.

[¶ 27] I respectfully disagree with Chief Justice VandeWalle's separate when he states, "it is injudicious to not call the arresting officer as a witness if that officer is available." I suppose it depends on what is meant by the word "injudicious." While I agree that the jury may expect the arresting officer to testify, and may draw inferences as to why the officer did not, I would not unequivocally state that not calling the arresting officer "lacks sound discretion" or is "unwise" as the term "injudicious" seems to imply. The State has the burden to prove the essential elements of the crime beyond a reasonable doubt. The State has discretion of which witnesses it may call to meet this burden. Of course, the State takes a risk by not calling what may be considered a critical witness. The "arresting officer" may or may not be a critical witness, as the facts of this case would show. There are a number of circumstances when the "arresting officer" is not the best witness to call to prove its case. For instance, the arresting officer may not have observed as much as another witness or may not have as much experience testifying as another officer. Wheth-

er to avoid cumulative testimony or merely to present the evidence through an officer who the prosecutor believes is a more persuasive witness, I would not necessarily categorize the State's decision as "injudicious."

[¶ 28] I also write because I am concerned this opinion will be read that the essential elements of refusal are those set forth in the jury instructions, which require the State to prove beyond a reasonable doubt, that the officer "had reason to believe the Defendant committed a moving traffic violation and in conjunction with the violation, through the officer's observations, formulated an opinion that the Defendant's body contained alcohol." The State stipulated to the jury instruction, so it is the law of the case. But, I am not convinced that by the mere reference to N.D.C.C. § 39–20–14 (which discusses the circumstances under which a law enforcement officer may request an on-site screening test), within the actual charge for refusal under N.D.C.C. § 39–08–01(1)(e)(3), makes it essential to show the reason for the stop or that in the officer's opinion the individual's body contains alcohol.

[¶ 29] An officer would have to follow the requirements under N.D.C.C. § 39–20–14 to legally stop and request an on-site screening test for any driving under the influence charge or the evidence may be suppressed. However, the lawfulness of the stop is not an element of the crime for the jury to consider in a driving under the influence charge in violation of the same subsection of N.D.C.C. § 39–08–01. Granted, the provisions of N.D.C.C. § 39–08–01 that discuss driving under the influence of alcohol or drugs do not make statutory reference to the tests being administered; but, it seems incongruent to require the State to prove the reason for the stop as an essential element for refusal, when it is not required to prove the same for a driving under the influence charge under the same statute.

[¶ 30] DANIEL J. CROTHERS, J., concurs.